IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| APHREY B. COLLIS-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-320-WKW |
| | ) | [WO] |
| COVINGTON COUNTY, ALA., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Covington County Jail in Andalusia, Alabama, files this 42 U.S.C. § 1983 action against Covington County, Alabama, Nathan Pugh, and Amy Jones. He asserts a Fourth Amendment challenge regarding Defendants' action on March 11, 2017. On that date, Plaintiff complains Defendants stopped him for no reason and subsequently planted evidence ("paraphernalia") on him.  Plaintiff requests dismissal of the criminal charges pending against him. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## DISCUSSION

At 12:30 a.m. on March 11, 2017, Plaintiff was walking alone when Defendants stopped him and asked for identification. Plaintiff maintains Defendants stopped him for no reason other than the lateness of the hour.  Defendants searched Plaintiff twice and found a small amount of cash and a knife. Plaintiff contends Defendants searched him a third time at which point they

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

planted paraphernalia on him. Plaintiff seeks intervention by this court into criminal proceedings ongoing before the Circuit Court of Covington County, Alabama.  Specifically, Plaintiff requests dismissal of the unfounded criminal charges pending against him. Doc. 1 at 2–4.  Under well settled federal law, this court must refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin  criminal prosecutions against them in state court.  *Id*. at 44-45.   "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (*citing Younger*, 401 U.S. at 37).  *Younger*, therefore, directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Id.* 401 U.S. at 43-45.  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.  The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required."  *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).  Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present.  First, Plaintiff is awaiting trial on criminal charges before the Circuit Court of Covington County, Alabama.  Second, enforcement of the law is an important state interest.  Finally, Plaintiff may raise his claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision.  In addition, if Plaintiff is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts and/or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  Although exceptions to *Younger* abstention are permitted where (1) irreparable injury because of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief,  *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Plaintiff presents no credible basis to warrant application of these exceptions.  The mere fact Plaintiff must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against ... criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Plaintiff's conclusory allegations of insufficient evidence to arrest him do not establish the bad faith or harassment that would justify the extraordinary declaratory relief he seeks from this court–summary dismissal of the state criminal charges pending against him.  Finally, there is no evidence that the state law(s) under which Plaintiff has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Plaintiff's claims which place into question the validity of the pending criminal charges as such

claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  *Younger*, 401 U.S. at 43-44.

Consequently, to the extent Plaintiff requests declaratory or injunctive relief requiring dismissal

of the pending criminal charges, equity, comity and federalism concerns require the court to abstain

from considering these claims.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint

be DISMISSED prior to service of process without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before July 10, 2017**, Plaintiff may file an objection to the

Recommendation. Any objection filed must specifically identify the factual findings and legal

conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous,

conclusive or general objections will not be considered by the District Court. This

Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust

Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885

F.2d 790, 794 (11th Cir. 1989).

Done, this 26th day of June 2017.


 /s/    Wallace Capel, Jr.
 CHIEF UNITED STATES MAGISTRATE JUDGE